# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

No. 24-3269

| | |
|---|---|
| SKECHERS U.S.A., INC., II, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 1:24-cv-04541. |
| Plaintiff–Appellant, | |
| v. | |
| NORDIFY PTE LTD, et al., | Thomas M. Durkin, *Judge*. |
| Defendants–Appellees. | |

## CIRCUIT RULE 3(c) DOCKETING STATEMENT

Plaintiff, Skechers U.S.A., Inc., II ("Skechers" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this docketing statement pursuant to Circuit Rule 3(c)(1).

1. **Plaintiff-Appellant**

The plaintiff-appellant is Skechers U.S.A., Inc. II.

2. **District Court Jurisdiction**

On May 31, 2024, Plaintiff filed this action alleging Trademark Infringement and Counterfeiting under 15 U.S.C. § 1114 (Count I), False Designation of Origin under 15 U.S.C. § 1125(a) (Count II), and Cybersquatting (15 U.S.C. § 1125(d) (Count III). The District Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. §§ 1051 et seq., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

3. **Appellate Court Jurisdiction**

On November 18, 2024, the District Court issued Order [Dkt. 150], which held that Plaintiff is not a "creditor" under the Illinois Prejudgment Attachment Statute (735 Ill. Comp. Stat. 5/4-101 et seq.). This ruling denied Plaintiff's motions for entry of a Fed. R. Civ. P. 64 prejudgment asset restraint (*see* [Dkts. 36, 43, 98]). Although the District Court has not issued a final determination

on the merits, Illinois courts recognize that decisions granting or denying a motion for attachment, or quashing or failing to quash an attachment order are final and appealable prior to a final determination of the action. *See Old Kent Bank v. Stoller*, 254 Ill. App. 3d 1085, 627 N.E.2d 265, 269 (Ill. App. Ct. 1993) ("[P]rejudgment attachment is essentially a separate and distinct action which takes place within the context of the underlying action. There can be no meaningful relief from an order concerning prejudgment attachment if appeal before final disposition were not available."); *see also Revolution Portfolio, LLC v. Beale*, 341 Ill. App. 3d 1021, 793 N.E.2d 900, 905-906 (Ill. App. Ct. 2003). Accordingly, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 under the collateral order doctrine and Federal Rule of Appellate Procedure 4(a).

**4. Prior Appeals**

There have been no prior appeals in this Case.

DATED: December 20, 2024                                  Respectfully submitted,

*/s/ Keith A. Vogt*

| | |
|---|---|
| Yanling Jiang (Bar No. 6309336) | Keith A. Vogt (Bar No. 6207971) |
| JiangIP, LLC | *Counsel of Record* |
| 33 West Jackson Boulevard, #2W | Keith Vogt, Ltd. |
| Chicago, Illinois 60604 | 33 West Jackson Boulevard, #2W |
| Telephone: 630-733-9483 | Chicago, Illinois 60604 |
| E-mail: yanling@jiangip.com | Telephone: 312-971-6752 |
| | E-mail: keith@vogtip.com |

*Counsel for the Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and the foregoing document was electronically filed on December 20, 2024, with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Keith A. Vogt*
Keith A. Vogt
